United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Magdalena Borges, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-22114-Civ-Scola |
| Nancy A. Berryhill, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, Defendant. | ) |

## **Order Adopting Magistrate's Report and Recommendation**

This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. On January 17, 2018, Judge Torres issued his report, recommending that the Court deny Plaintiff Magdalena Borges's motion for summary judgment (ECF No. 11), grant Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration's motion for summary judgment (ECF No. 12), and affirm the administrative law judge's unfavorable decision. (Report, ECF No. 15.) Borges filed objections (ECF No. 16); to which the Commissioner responded (ECF No. 18). After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Torres's report and recommendation (**ECF No. 15**), **denies** Borges's motion for summary judgment (**ECF No. 11**) and **grants** the Commissioner's motion for summary judgment (**ECF No. 12**).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort,* 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort,* 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999). A court, in its discretion, need

not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

Here, Borges filed a document purporting to set forth her objections. (Pl.'s Objs., ECF No. 16.) Although Borges's filing spans twenty pages, much of it is composed of either her rehashing the arguments presented to Judge Torres in the first instance, without specifying any particular error, or arguments she has presented for the first time in her objections. This strategy defeats the purpose of the Court's referral process. Thus to the extent Borges's objections: simply restate her arguments before Judge Torres, are overly broad, or were not first raised with Judge Torres, the Court will not consider them. *See Mask v. Strategic Restaurants Acquisition Co., LLC*, No. CV 17-0421-KD-MU, 2017 WL 6395863, at *6 (S.D. Ala. Nov. 21, 2017), *report and recommendation adopted*, No. CV 17-00421-KD-MU, 2017 WL 6389661 (S.D. Ala. Dec. 14, 2017) ("An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.")

Where Borges does attempt to specify a particular error, the bases for her objections tend to be incomplete. For example, Borges complains Judge Torres should not have approved of the Administrative Law Judge's decision to not give controlling weight to the opinion of one of Borges's treating physicians, Dr. Antonio Tauler. In doing so, Borges notes, "[T]he Magistrate, to support the ALJ's opinion, noted inconsistencies between Dr. Tauler's conclusions and those of Drs. Glaccum-Gavagni and Davidson. But the ALJ's reliance on the conclusions of the latter two doctors was misplaced." (Pl.'s Objs. At 6.) But Judge Torres's evaluation considered, much more broadly, whether the ALJ's decision to decline to afford Dr. Tauler's opinion controlling weight was supported by substantial evidence. In determining that it was, Judge Torres noted the ALJ determined that Dr. Tauler's opinion was not bolstered by and was, at times, even directly contradictory to the other evidence of record. *Some* of that record evidence, but not all of it, indeed included reports from Drs. Glaccum-Gavagni and Davidson. The entirety of Borges's argument, however, focuses only on why the ALJ should have elevated Dr. Tauler's opinion over these two doctors' reports, or in the case of Dr. Davidson, why the ALJ should have disregarded much of her report altogether. Missing, however, is how Borges contends Judge Torres actually erred in finding substantial evidence to support the ALJ's decision regarding Dr. Tauler's opinion. In sum, Borges's argument rests entirely on her disagreement with the way the ALJ weighed the evidence but fails to identify how Judge Torres's finding of substantial evidence supporting the ALJ's conclusion was in error.

Borges's complaints about the ALJ's failure to give proper weight to the opinion of another one of her treating physicians, Dr. Elena R. Valor, suffers

from similar infirmities. Borges focuses on aspects of the record with which Dr. Valor's opinion is consistent to support her argument that the opinion should be afforded more weight. She fails, however, to address all of the inconsistencies between Dr. Valor's opinion and other aspects of the record as identified by Judge Torres (and the ALJ). Again, Borges fails to show that Judge Torres erred in finding substantial evidence to support the weight the ALJ afforded to Dr. Valor's opinion.

The Court finds Borges's objections to Judge Torres's findings regarding the ALJ's evaluation of the vocational expert's testimony unavailing as well. The vocational expert evaluated various hypotheticals. Some of these hypotheticals portrayed an individual with limitations that were more restrictive than what the ALJ ultimately concluded Borges was capable of. Ultimately, the ALJ disregarded the vocational expert's conclusions that were based on the overly restrictive hypotheticals. Borges complains that the ALJ's limitations findings, however, were wrong and that he therefore relied on the vocational expert's answer to the wrong hypothetical. This argument, though, merely repackages Borges's complaint that the ALJ did not properly credit Drs. Tauler and Valor's opinions. Because the Court finds that these opinions were properly evaluated, the Court also concludes that Judge Torres correctly assessed the ALJ's treatment of the vocational expert's testimony.

Borges's objections to the ALJ's residual functional capacity determination are similarly ineffective. Again, Borges's complaints in this regard rest chiefly on her contention that the ALJ improperly discredited Drs. Tauler and Valor's opinions. Upon a de novo review, the Court finds that Borges fails, again, to show that the ALJ's determination was not otherwise based on substantial record evidence.

Lastly, Borges quarrels with Judge Torres's approval of the ALJ's evaluation of Borges's credibility. Borges's allegations of error, however, only amount to alternative explanations for the discrepancies between Borges's testimony and certain record evidence. The ALJ clearly articulated his credibility determination and supported that determination by referencing various portions of the record in this case. The Court does not find that analysis to have been in error.

The Court has reviewed the remainder of the report and recommendation for clear error. Upon this review, the Court finds not only no clear error but also notes that Judge Torres's report is cogent and compelling. There is no error evident in Judge Torres's conclusion that the administrative law judge's decision was supported by substantial evidence. The Court also finds no clear error in the application of the proper legal standards used to evaluate the record.

Accordingly, the Court **affirms and adopts** the report and recommendation (**ECF No. 15**), **grants** the Commissioner's motion for summary judgment (**ECF No. 12**), and **denies** Borges's motion for summary judgment (**ECF No. 11**). The Court thus directs the Clerk to **close** this case.

**Done and ordered** at Miami, Florida, on February 26, 2018.

Robert N. Scola, Jr.
United States District Judge